**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

Mark Christopher Kaley

CASE NO: 6:23-bk-01219-LVV
Chapter 13

Debtor(s)

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER YOU MUST FILE A RESPONSE WITH THE CLERK OF COURT AT 400 W. WASHINGTON ST., SUITE 5100, ORLANDO, FL 32801 WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE (3) DAYS IF THIS PAPER WAS SERVED ON ANY PARTY BY U.S. MAIL.**

**IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER NOTIFY YOU OF A HEARING DATE OR THE COURT WILL CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED IN THIS PAPER WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, AND THE COURT MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT FURTHER NOTICE OR HEARING.**

**YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY IF YOU HAVE ONE. IF THE PAPER IS AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE, YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED IF YOU DO NOT TIMELY FILE AND SERVE A RESPONSE.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**SECURED CREDITOR,** LC04 Special, LLC (herein after referred to as "MOVANT or SECURED CREDITOR"), by and through his undersigned attorney, hereby Moves for Relief from the Automatic Stay pursuant to 11 USC §362(d), and in support states as follows:

1. On or about April 3, 2023, the above Debtor filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.

2. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334

and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

3. On or about August 20, 2007, the Debtor executed and delivered a Note as well as a Mortgage securing payment of the Note to Nationstar Mortgage, LLC, which is now owned and held by SECURED CREDITOR. The property described in the Mortgage was and is now owned by, and upon information and belief, in possession of, the Mortgagors. The Mortgage was recorded in the Official Records of Orange County, Florida on or about September 4, 2007, in Book 09420, at Page 2847. See a copy of the Mortgage and Note with the chain of Assignments of Mortgage attached hereto, and incorporated herein as composite Exhibit "A."

4. The mortgage secures the following real property located in Orange County, Florida, to wit:

> **LOT 690, SIGNATURE LAKES PARCEL 1D PHASE 2, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 65, PAGE(S) 137, AS RECORDED IN THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.**
>
> **APN #: 28-23-27-8129-06900**
>
> **A/K/A: 14924 GAULBERRY RUN, WINTER GARDEN, FL 34787**

5. The MOVANT respectfully requests that the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the MOVANT taking into account the value of the property.

6. In support of this Motion for Relief from Automatic Stay, under §362(d) of the Bankruptcy Code, MOVANT would show that it would be inequitable to permit the debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization of the Debtor(s).

7. MOVANT submits that lack of adequate protection in this cause is the appropriate ground for relief which Movant seeks under §362(d), and that the possible existence of equity over and above the indebtedness, which MOVANT denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest while the Debtor(s) enjoys the benefit of the collateral without following the requirements of the Bankruptcy Code.

8. The Debtor is not paying, nor can Debtor afford to pay based on the filed schedules I and J.

9. If MOVANT is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

10. A Final Judgment of Foreclosure was entered on September 28, 2018 in the amount of $792,050.56. See a copy of the Final Judgment of Foreclosure attached hereto, and incorporated herein as composite Exhibit "B."

11. The unpaid principal balance due is in the amount of $524,426.88.

12. The total pre-petition arrearages amount due as of April 3, 2023 was $987,131.33, plus additional attorney's fees and costs.

13. A default exists under the Loan for failure to make payments due and owing under the Note and Mortgage beginning with the payment due on March 1, 2017, and all subsequent payments thereafter.

14. The value pursuant to the Orange County Property Appraiser's office is $549,986.00, which is historically low, making MOVANT a secured creditor that is not adequately protected pursuant to the Bankruptcy Code. Please see a copy of the Orange County Property Appraiser's report attached hereto and incorporated herein as "Exhibit C."

15. The most recently filed Affidavit in support of this Motion is attached hereto and incorporated herein as "Exhibit D."

[remainder of page left intentionally blank]

**WHEREFORE, PREMISES CONSIDERED**, MOVANT prays that the Debtor be cited to appear herein; that upon Final Hearing (if necessary) the Court enter an Order granting relief from the Automatic Stay under 11 USC §362(d) to allow the MOVANT to continue its in rem foreclosure, to permit MOVANT to take any and all steps necessary to exercise any and all rights it may have in the collateral described hereinabove, and to gain possession of said collateral, and to impose a prejudice period of 180 days against Debtor, to waive the 14-day day stay as permitted by Fed. R. Bk. Pr. 4001(a)(3), together with such further relief and this Honorable Court deems MOVANT is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this October 5, 2023.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Blvd., Units 1&2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email:**damian@dwaldmanlaw.com**
Attorneys for Secured Creditor

By:     /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 0090502

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 5th Day of October 2023, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

**SERVICE LIST**

*Pro Se Debtor*
Mark Christopher Kaley
14924 Gaulberry Run
Winter Garden, FL 34787

*Trustee*
Arvind Mahendru
Arvind Mahendru, Chapter 7 Trustee
5717 Red Bug Lake Rd #284
Winter Springs, FL 32708

*U.S. Trustee*
United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

        **Law Offices of Damian G. Waldman, P.A.**
        10333 Seminole Blvd., Units 1&2
        Seminole, FL 33778
        Telephone: (727) 538-4160
        Facsimile: (727) 240-4972
        Email:**damian@dwaldmanlaw.com**
        Attorneys for Secured Creditor

        By:    /s/ Damian Waldman, Esq.
        Damian Waldman, Esq.
        Florida Bar No.: 0090502